**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John David Roettgen, ) | No. 06-CV-1452-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Derral Adams, et al., ) | |
| Defendant. ) | |

Petitioner filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Dkt. #1. Respondents filed an answer and Petitioner replied. Dkt. ## 17, 20. On June 20, 2008, Magistrate Judge Edward C. Voss issued a Report and Recommendation ("R&R") recommending that the Court dismiss the petition for lack of jurisdiction. Dkt. #21. Petitioner filed objections to the R&R on November 17, 2008. Dkt. #29. The Court will accept the R&R and dismiss the petition.

**I.  Background.**

Petitioner pled guilty to two counts of aggravated assault on June 14, 1989, and was sentenced to nine years on each count, to be served concurrently. Dkt. #1 at 12. Petitioner's sentence expired in 1998 after he had served 6.5 years of imprisonment and 3 years of parole. Dkt. #17-2 at 5-8; Dkt. #1 at 12. Petitioner is not now in the custody of the Arizona Department of Corrections. Dkt. #17-2 at 5-8. Petitioner instead is serving a prison sentence for an unrelated offense in California. Dkt. #1 at 4, 20.

1 Petitioner filed his first federal petition for habeas corpus in 1991, challenging the Arizona aggravated assault convictions. *Id.* at 3. The Court dismissed the petition without prejudice for failure to exhaust state remedies and the Ninth Circuit affirmed. *Roettgen v. Copeland*, 33 F.3d 36 (9th Cir. 1994).

Petitioner next filed a "Supplemental Petition for Post-Conviction Relief" in the Arizona trial court on November 4, 2004. Dkt. #1 at 33. The trial court denied this petition on February 2, 2005. Dkt. #1 at 12-13. The Arizona Court of Appeals denied Petitioner's request for counsel to assist with a petition for review, and the Arizona Supreme Court denied the petition for review. Dkt. #1 at 14-15.

Petitioner filed this petition for writ of habeas corpus on June 5, 2006. Dkt. #1. Petitioner claims that (1) he was denied his Fifth and Fourteenth Amendment rights of due process and fundamental fairness when the state breached the plea agreement by sharing information about his uncharged offenses with prosecutors in California, (2) he did not knowingly and voluntarily enter into the plea agreement, (3) the state violated his Sixth and Fourteenth Amendment right to competent counsel, and (4) the state violated his rights not to be placed in double jeopardy or faced with cruel and unusual punishment. *Id.* at 17-27.

On August 15, 2006, this Court dismissed the petition as a secondary or successive petition requiring authorization from the Ninth Circuit. Dkt. #5. On May 1, 2007, the Ninth Circuit ruled that this authorization was not necessary because the first petition was dismissed without adjudication on the merits. Dkt. # 9. This Court reopened the case. Dkt. # 10. Respondents filed an answer and Petitioner replied. Dkt. ## 17, 20.

**II.  The R&R and Objections.**

Magistrate Judge Voss recommended that the Court dismiss the petition for lack of jurisdiction. Dkt. #21. Judge Voss reasoned that Petitioner is no longer "in custody" as required by § 2254(a) because Petitioner's sentence for the Arizona aggravated assault convictions he is challenging expired several years before he filed the petition. *Id.* at 3-4. Judge Voss relied on the United States Supreme Court's decision in *Maleng v. Cook*, 490 U.S. 488 (1989).

1  Petitioner argues that this case is different from *Maleng* because the information used
2  against Petitioner was part of a plea bargain, not a conviction as in *Maleng*, and because the
3  information used against Petitioner was not used to enhance his sentence, as it was in
4  *Maleng*. Dkt. # 29 at 2. Petitioner also asserts that he is in custody as required by § 2254(a)
5  because if Arizona had not provided information to California about the uncharged crimes,
6  he would not have been convicted in California and would not be in custody today. *Id.* The
7  remainder of Petitioner's objections are reiterations of arguments on the merits in his
8  petition.

9  **III.   Analysis.**

10  The Court must undertake a *de novo* review of those portions of the R&R to which
11  specific objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court may
12  accept, reject, or modify the findings or recommendations made by the magistrate judge.
13  *See* 28 U.S.C. § 636(b)(1).

14  Petitioner correctly notes that the facts in *Maleng* are not identical to the facts in his
15  case, but minor factual differences do not impact the authority of precedent. The ruling in
16  *Maleng* was based on the fact that the petitioner's sentence had expired before he filed a
17  petition for writ of habeas corpus. *Maleng*, 490 U.S. at 492. The ruling did not depend on
18  whether the information used in the petitioner's subsequent prosecution was part of a
19  conviction or a plea bargain, or whether the purpose of the information was to enhance a
20  sentence or impeach a witness. The critical fact in *Maleng* – that the petitioner's sentence
21  expired prior to filing the petition – is the same in this case.

22  Petitioner claims that he is in custody because information that should have been
23  protected by the Arizona plea agreement was shared with prosecutors in California, resulting
24  in his conviction. Dkt. #29 at 2. Section 2254(a) provides that "a district court shall
25  entertain an application for writ of habeas corpus in behalf of a person *in custody* pursuant
26  to the judgment of a State court only on the ground that he is in custody in violation of the
27  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).
28  The Supreme Court in *Maleng* read this language as "requiring that the habeas petitioner be

1  'in custody' under the conviction or sentence under attack at the time his petition is filed."
2  *Maleng*, 490 U.S. at 492.  Petitioner is in custody for the California conviction, not for the
3  Arizona conviction under attack in his petition.  Petitioner therefore is not "in custody"
4  within the meaning of § 2254(a), and this Court lacks jurisdiction to hear the matter.

**IT IS ORDERED:**

1. Magistrate Judge Edward C. Voss's R&R (Dkt. #21) is **accepted.**
2. The petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 (Dkt. #1) is **denied**.
3. The Clerk of Court shall **terminate** this action.

DATED this 9th day of December, 2008.

_____
David G. Campbell
United States District Judge